IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2211-FL

| | | |
|---|---|---|
| CECIL A. WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES ATTORNEY AND | ) | |
| WARDEN ANGELA DUNBAR, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to dismiss, or in the alternative, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56[1] (DE # 14) filed by respondent Warden Angela Dunbar ("respondent"). Also before the court is petitioner's cross-motion for summary judgment (DE # 18) and motion for an extension of time (DE # 22). Petitioner did not otherwise respond to respondent's motion, and respondent did not respond to petitioner's motions. In this posture, the matters are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment, but denies petitioner's motions.

## STATEMENT OF THE CASE

On February 14, 2000, petitioner was arrested by state police officers in Eastland County, Texas, for the offense of burglary of a building. Solis Decl.[2] ¶ 5. A Texas State parole revocation

---

[1] Because the parties have attached matters that are outside of the pleadings, respondent's motion will be construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

[2] Federal Bureau of Prisons Correctional Program Specialist Hector Solis submitted a declaration in support of respondent's motion for summary judgment.

warrant was issued the next day. Id. After his arrest, petitioner remained in the custody of the Texas State authorities. Id.

On March 7, 2000, petitioner was indicted in the United States District Court for the Northern District of Texas for the federal offense of being a felon in possession of a firearm. Id. ¶ 6. On March 20, 2000, the United States Marshals Service took petitioner into custody pursuant to a writ of habeas corpus *ad prosequendum*, issued on March 16, 2000, for the purposes of being prosecuted on federal charges in the Northern District of Texas. Id. ¶¶ 6-7. Petitioner also was arrested for his federal charges on this date. Id. ¶ 7.

Petitioner appeared in federal court in connection with his charges on March 28, 2000, and was ordered to remain in federal custody without bond. Id. ¶ 8. On May 18, 2000, petitioner pleaded guilty to one count of being a felon in possession of a firearm, and was sentenced to a term of two hundred ten (210) months imprisonment on August 11, 2000. Id. ¶ 9. Then, on August 30, 2000, petitioner was returned to Texas State authorities. Id. ¶ 10.

Following his conviction in federal court, petitioner was convicted in a Texas state court of burglary of a building, and was sentenced to a five year term of imprisonment. Id. ¶ 11. The state court granted petitioner six hundred thirteen (613) days of prior custody credit for the time he spent in state custody from the date of his arrest on February 14, 2000, through the date he received his state sentence on October 19, 2001. Id. ¶ 11, and Attach. 5. Additionally, petitioner's federal sentence was lodged as a detainer with the Texas Department of Criminal Justice. Id. ¶ 11, and Attach. 6. On February 11, 2005, petitioner was released from his Texas state sentence, and was placed in the custody of the United States Marshals Service, pursuant to 18 U.S.C. § 3585(a), to be transferred to federal custody to serve his federal sentence. Id. ¶ 12.

Following his transfer, the Bureau of Prisons ("BOP") calculated petitioner's sentence. As part of the calculation process, the BOP considered whether petitioner was entitled to a *nunc pro tunc* designation pursuant to Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990). Id. ¶ 21. The BOP's *nunc pro tunc* consideration involved contacting the United States District Court for the Northern District of Texas for a recommendation on a retroactive concurrent designation for petitioner's federal sentence. Id. ¶ 23, attach 12. The federal sentencing judge responded that a concurrent designation was opposed. Id. ¶ 24, attach 13. After reviewing petitioner's case, the BOP denied his request for a *nunc pro tunc* designation. Id. ¶ 25, attach 14. Accordingly, the BOP construed petitioner's federal sentence to be consecutive to his Texas state sentence, and commenced petitioner's federal sentence on February 11, 2005, the date he was released from his Texas state sentence. Id. ¶¶ 13, 25, attach 14. The BOP did not apply any prior custody credit to his federal sentence. Id. Petitioner is scheduled to be released from BOP custody on May 9, 2020. Id. ¶ 27, attach. 7.

On October 28, 2011, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that the BOP failed to credit his sentence for the time he spent in state custody from February 14, 2000, through February 11, 2005. Additionally, petitioner alleges that he is entitled to *nunc pro tunc* designation and that his Texas state sentence should be computed to run concurrent with his federal sentence.

On May 2, 2012, respondent filed a motion for summary judgment, arguing that petitioner's claims are without merit. Petitioner did not respond to respondent's motion, despite being provided an extension of time to do so. Instead, petitioner filed his own motion for summary judgment, to

3

which respondent did not respond. Finally, petitioner filed a second motion for an extension of time to respond to respondent's motion for summary judgment.

## DISCUSSION

A.  Motion for Extension of Time

Petitioner requests an additional thirty (30) days to respond to respondent's motion for summary judgment. This is petitioner's second request for an extension of time. Petitioner previously was given until February 25, 2013, to respond to respondent's May 2, 2012, motion for summary judgment. Accordingly, plaintiff has had over nine months to respond to respondent's motion, and petitioner's only reason for the delay is a vague reference to his prison work schedule. The court additionally notes that petitioner has in fact responded to the arguments raised in respondent's motion for summary judgment through petitioner's cross-motion for summary judgment. Because petitioner has had over nine months to respond to respondent's motion for summary judgment and has submitted arguments opposing respondent's motion for summary judgment in his cross-motion for summary judgment, the court DENIES petitioner's request for an extension of time.

B.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material

4

fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

1. Analysis

    a. Prior Custody Credit

Petitioner argues that he is entitled to credit on his federal sentence for the time he spent in state custody, from February 14, 2000, through February 11, 2005. The record reflects that petitioner received prior custody credit toward his state sentence for the time period of February 14, 2000, through October 19, 2001. Petitioner also received credit toward his state sentence for the time period of October 19, 2001, through February 11, 2005. Solis Decl. ¶ 11. A petitioner cannot, receive credit on a term of imprisonment that already has been awarded on another sentence. See 18 U.S.C. § 3585(b); Dais v. La Manna, No. 9:05-2797, 2006 WL 2642604, *6 (D.S.C. Sept. 13, 2006), aff'd, 224 F. App'x 292 (4th Cir. Apr. 24, 2007). If the court were to accept petitioner's argument, then he would receive double credit on his federal term of imprisonment. Accordingly, because the requested time period already was credited to petitioner's state sentence, he is not entitled to receive credit on his federal sentence for the same time period.

    b. Federal Sentence Calculation

Petitioner argues that his federal sentence ran concurrent with his state sentence. A pivotal issue in this case is the date on which petitioner's federal sentence commenced. According to petitioner, his federal sentence began on March 28, 2000, when he was transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum*, or in August 11, 2000, when he was sentenced for his federal convictions.

Generally, a term of imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentences at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the [BOP] agrees to designate the state facility for service of the federal sentence." United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998).

In this case, petitioner was received in federal custody on February 11, 2005. Although petitioner's federal sentence was imposed before his state sentence, his federal sentence did not begin on an earlier date because he had not been received at a federal correctional facility to begin serving his federal sentence, and the State of Texas retained primary jurisdiction.[3] See 18 U.S.C. § 3585(a); Trowell v. Beller, 135 F. App'x 590, 594 n.2 (4th Cir. 2005). Significantly, the time that petitioner spent on loan, pursuant to a writ of habeas corpus *ad prosequendum*, to federal authorities does not serve to interrupt the state's custody over an inmate.[4] See United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (quotation omitted) (alterations omitted) ("A writ of habeas corpus *ad*

---

[3] Primary jurisdiction over a person generally is determined by which sovereign, state or federal, first obtains custody of, or arrests, the person. Trowell v. Beeler, 135 F. App'x 590, *2 n.2 (4th Cir. May 19, 2005). Primary jurisdiction continues until the first sovereign relinquishes its priority in some way. Id. Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail; 2) dismissal of charges; 3) parole; or 4) expiration of sentence. See Simpson v. Zeigler, No. 5:11-0658, 2012 WL 4018031, at *3 (S.D.W. Va. Aug. 21, 2012) (citing United States v. Cole, 416 F.3d 894, 896-897 (8th Cir. 2005)). In this case, the State of Texas obtained primary jurisdiction over petitioner on February 14, 2000, when he was arrested on state charges. He remained in state custody until February 11, 2005, when he was released from his state sentence.

[4] The court notes that petitioner relies upon this court's decision in Luther v. Vanyur, 14 F. Supp. 2d 773 (E.D.N.C. 1997), for his contention that his federal sentence began when he was transferred to federal custody, on March 16, 2000, for his appearance in federal court. Petitioner asserts that his transfer to federal custody constituted an illegal interruption of the service of his state sentence. However, petitioner's action is distinguishable from Luther in that the defendant in Luther was actually received at the federal penitentiary and spent over three years in federal custody. Id. at 778. Additionally, the transfer in Luther was "much more complete and final than a transfer pursuant to a writ of habeas corpus *ad prosequendum*." Id.

6

*prosequendum*, issued to bring a prisoner to his own trial, works as a mere loan of the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute . . . ."); Evans, 159 F.3d at 912 ("Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on the satisfaction of the state obligation."). Additionally, the court notes that petitioner could not have been serving his federal sentence on March 20, 2000, because he was not sentenced for his federal conviction until August 1, 2000. See Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) ("A federal sentence cannot commence prior to the date it is pronounced.") (quotation omitted). Based upon the foregoing, the court finds that petitioner's federal sentence commenced on February 11, 2005, the date he was released from his Texas state sentence.

  c. Retroactive Designation

  Petitioner argues that the BOP erred in rejecting his request to designate, *nunc pro tunc*, the state facility where he served his state sentence as the place for service of his federal sentence. Specifically, petitioner argues that the Texas state court judgment stated that petitioner's state court sentence was to run concurrent with his federal sentence. The court, however, has reviewed petitioner's state judgment, and there is no indication that the state sentencing court judge intended to run petitioner's state sentence concurrent with his federal sentence. Rather, in this case, both the state and federal court judgments are silent as to whether the sentences are to run concurrent or consecutively.

  The United States Supreme Court in Setser v. United States, 132 S.Ct. 1463 (2012), recently discussed the federal sentencing court's authority to order its sentence consecutive to or concurrently with an anticipated future sentence. The Setser Court determined that a federal district

7

court has the discretion to order that a criminal defendant's sentence run consecutively to an anticipated but yet-to-be-imposed state sentence. See id. at 1468. Specifically, the Court in Setser found that where a state judge imposed a concurrent sentence after a federal judge imposed a consecutive sentence, the BOP was not bound by the state court sentencing decision.[5] Id. at 1471-73. Although the Court in Setser did not address situations like the instant action where the federal sentencing court is silent on the issue, other courts post-Setser have denied habeas challenges to the BOP's refusal to make *nunc pro tunc* designation pursuant to § 3621(b) under similar circumstances. See Loveless v. Ziegler, 2012 WL 3614315, at *4 (S.D.W. Va. Aug. 21, 2012) (denying § 2241 petition challenging denial of *nunc pro tunc* designation where state sentence was ordered to run concurrent with the federal sentence, but the federal sentence was silent as to whether it should run concurrent); Heddings v. Garcia, No. 11-1346, 2012 WL 3186477, at *2 (10th Cir. Aug. 7, 2012) (finding BOP did not abuse its discretion where federal court stated, post-judgment, that it was "absolutely opposed" to concurrent service of the petitioner's federal and state sentences, and where the BOP also relied on the nature of the offenses and the presumption of consecutive sentences in 18 U.S.C. § 3584(a)); Newman v. Cozza-Rhodes, No. 11-CV-03262, 2012 WL 1931551, at *4-5 (D. Colo. May 29, 2012) (denying § 2241 petition challenging BOP's denial of *nunc pro tunc* designation where federal judgment and federal sentencing court were silent on the issue). Thus, the court finds that the federal sentencing court had the discretion to impose a consecutive sentence.

---

[5] The court notes that the district court in Setser "imposed a 151-month sentence to run consecutively to any state sentence imposed for the probation violation, but concurrently with any state sentence imposed on the new drug charge. While Setser's federal appeal was pending, the state court sentenced him to 5 years for the probation violation and 10 years for the drug charge, but ordered the sentences to be served concurrently." Id. at 1464.

Case 5:11-hc-02211-FL Document 23 Filed 03/14/13 Page 8 of 11

The court now turns to the BOP's refusal to grant petitioner *nunc pro tunc* designation. The BOP " may designate any available penal or correctional facility that meets minimum standards of health and habitability . . ., whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted." 18 U.S.C. §3621(b); see Setser, 132 S.Ct. at 1473. When the BOP *nunc pro tunc* designates an inmate's prior facility of state custody as the place of federal custody, the time served in state custody is credited against the time he must serve on his federal sentence. See Trowell, 135 F. App'x at 593. The *nunc pro tunc* designation essentially has the effect of causing the state and federal sentences to run concurrently. See id. Although the BOP has the statutory authority to designate a state facility as a place to serve a federal sentence pursuant to § 3621, the Setser court stated that this authority does not give the BOP the authority to make a determination as to whether two sentences run concurrent or consecutive. Setser, 132 S.Ct. at 1470; Brown v. Zych, No. 7:11-cv-605, 2012 WL 5386339, at * 5 (W.D. Va. Nov. 1, 2012). Rather, the such a determination lies with the federal sentencing court. Id.

In evaluating an inmate's request for a *nunc pro tunc* designation, the BOP must "take[] into account all applicable factors in [18 U.S.C. §] 3621(b)." Trowell, 135 F. App'x at 596. These factors include:

       (1)    the resources of the facility contemplated;
       (2)    the nature and circumstances of the offense;
       (3)    the history and characteristics of the prisoner;
       (4)    any statement made by the court that imposed the sentence–

            (A)    concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
            (B)    recommending a type of penal or correctional facility as appropriate; and

> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). If, in making its determination on *nunc pro tunc* status, the BOP conducted an individualized review and analyzed the five factors prescribed by 18 U.S.C. § 3621, then habeas corpus relief from the BOP's decision is unavailable. See Nale v. Stansberry, No. 1:08-CV-823, 2009 WL 1321507 at *4 (E.D. Va. May 11, 2009).

In this case, petitioner has not demonstrated that the BOP denied his request for *nunc pro tunc* designation arbitrarily. Rather, the evidence presented by the respondent reflects that the BOP denied petitioner's request after conducting an individualized review and analyzing the five factors. In particular, the BOP based its denial upon the nature and circumstances of petitioner's offenses, as well as the history. The BOP sent petitioner's federal sentencing judge a letter regarding petitioner's request for *nunc pro tunc* designation, and the sentencing judge responded that he opposed a retroactive concurrent designation. Solis Decl., Attach. 13.

Based upon the foregoing, it is apparent that the BOP's analysis of petitioner's request for *nunc pro tunc* designation was based upon an individual review, consideration of the five statutory factors, and consideration of the federal sentencing court's determination on the issue. Accordingly, the BOP did not abuse its discretion in denying petitioner's request for *nunc pro tunc* designation, and respondent is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, petitioner's motion for an extension of time (DE # 22) is DENIED, and respondent's motion for summary judgment (DE # 14) is GRANTED. Because the

court granted respondent's motion for summary judgment, petitioner's cross-motion for summary judgment (DE # 18) is DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 14TH day of March, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge